# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RANDY PAUL CARMOUCHE**                                          **CIVIL ACTION**

**VERSUS**                                                                      **NO. 14-1411-SS**

**MARLIN GUSMAN (SHERIFF), ET AL.**


## ORDER AND REASONS

Plaintiff, Randy Paul Carmouche, filed this civil action pursuant to 42 U.S.C. § 1983 against

Sheriff Marlin Gusman, Dr. Gary Bencsek, and unidentified security officers within the Orleans

Parish Prison system.  In his complaint, plaintiff stated his claims as follows:

> This griviance is because of a staff infection that I received as a result of being
> transfred to O.P.P. from T.D.C. on April 7th after graduating from the re-entry
> program.  I (and 9 other inmates) were transferred for no apparant reason.  We were
> made to sleep in a holding cell and endure deplorable living condition, including
> urine on the floor where we were forced to sleep.  I made several attempt to address
> the medical staff, but they ignored my pleas.  This staff infection is a direct result of
> cruel and unusual punishment inflicted by O.P.P. staff and the medical staff
> deliberately ignorin my pleas for medical attention.[1]

The defendants have filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[2]

Plaintiff was ordered to file a response to that motion on or before January 9, 2015;[3] however, no

response was filed.  The parties have consented to the jurisdiction of the undersigned United States

Magistrate Judge.[4]

---

[1]   Rec. Doc. 1, pp. 4-5.

[2]   Rec. Doc. 14.

[3]   Rec. Doc. 17.

[4]   Rec. Doc. 12.

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

The defendants first argue plaintiff's attempt to sue the unidentified "O.P.P. Officers (Security)" is improper.  That is correct, because an action must be filed against actual identified persons.  <u>Francis v. Terrebonne Parish Sheriff's Office</u>, Civ. Action No. 08-4972, 2009 WL 4730707, at \*3 (E.D. La. Dec. 9, 2009); <u>Staritz v. Valdez</u>, No. 3-06-CV-1926, 2007 WL 1498285, at \*2 (N.D. Tex. May 21, 2007); <u>Banks v. United States</u>, Civ. Action No. 05-6853, 2007 WL 1030326, at \*11 (E.D. La. Mar. 28, 2007); <u>Vollmer v. Bowles</u>, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at \*2 (N.D. Tex. Feb. 28, 1997).

It is next argued that plaintiff has failed to properly state either official-capacity or individual-capacity claims against Sheriff Gusman and Dr. Bencsek.  Again, that is correct.

As to any official-capacity claims, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, official-capacity claims against Sheriff Gusman and Dr. Bencsek would in reality be claims against the local governmental entity they serve.  However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

<u>Spiller v. City of Texas City, Police Department</u>, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  <u>Colle v. Brazos County, Texas</u>,

3

981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against either Sheriff Gusman or Dr. Bencsek.

As to any individual-capacity claims, it is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff neither makes any factual allegations against Sheriff Gusman and Dr. Bencsek nor alleges that they were in any way personally involved in the events giving rise to his claims.[5] Further, although Sheriff Gusman is the head of the prison system and Dr. Bencsek holds a supervisory position in the jail's medical department, it is clear that they cannot be held vicariously liable for the actions of their subordinates pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also

---

[5] The Court notes that the defendants have submitted certified copies of plaintiff's medical records from the Orleans Parish Prison system. Rec. Doc. 14-6. Those records do not indicate any direct involvement in plaintiff's medical care by either Sheriff Gusman or Dr. Bencsek.

<u>Oliver</u>, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Accordingly,

**IT IS ORDERED** that the defendants' unopposed motion for summary judgment, Rec. Doc. 14, is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this fourteenth day of January, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**